John D. Cook (JC 2885)
**BARCLAY DAMON LLP**
Barclay Damon Tower
125 East Jefferson Street
Syracuse, New York 13202
Telephone:     (315) 425-2700
Facsimile:     (315) 425-2701
Email:         jcook@barclaydamon.com

-and-

Edward L. Bishop (*pro hac vice* motion to be filed)
Nicholas S. Lee (*pro hac vice* motion to be filed)
**BISHOP DIEHL & LEE, LTD.**
1475 E. Woodfield Rd, Suite 800
Schaumburg, IL 60173
Telephone:     (847) 969-9123
Facsimile:     (847) 969-9124
Email:         ebishop@bdl-iplaw.com
               nlee@bdl-iplaw.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **EVER VICTORY TECHNOLOGY LIMITED,** | |
| Plaintiff, | Civil Action No. 7:19-cv-486 |
| v. | |
| **SAS GROUP, INC.,** | **JURY TRIAL DEMANDED** |
| Defendant. | |

## COMPLAINT

Plaintiff Ever Victory Technology Limited ("Ever Victory") brings this Complaint against Defendant SAS Group, Inc., and alleges as follows:

## THE PARTIES

1. Plaintiff Ever Victory is a Hong Kong Corporation having a principal place of business at Room 301, 3/F., Crown Industrial Building, 106 How Ming Street, Kwun Tong, Kowloon, Hong Kong.

2. Defendant SAS Group, Inc. ("SAS") is a New York Corporation having a principal place of business at 220 White Plains Road, Tarrytown, New York, 10591.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over Ever Victory's patent infringement claim under 28 U.S.C. §§1331 and 1338(a), and 35 U.S.C. § 281.

6. This Court has personal jurisdiction over SAS as it is incorporated under the laws of the State of New York, it has a regular and established place of business in New York and in this District, including at 220 White Plains Road, Tarrytown, New York, and it regularly engages in extensive business transactions and solicitations in the New York and in this District, has contracted to supply goods and services within this District, and/or has committed acts of patent infringement in this District by making, using, selling, offering to sell, and/or importing, directly and/or through its agents or distributors, products that infringe one or more of the claims of the patent asserted in this case.

7. Venue is proper in this district under 28 U.S.C. §§ 1391 and/or 1400(b) as SAS has committed acts of infringement in this District and has a regular and established place of business in this District, and a substantial part of the events or omissions giving rise to the claims occurred in this District.

**BACKGROUND FACTS**

8.      Ever Victory is a distributor of consumer products, including a remote-controlled car and track called "ROCKET WHEELS." Ever Victory offers this product online, including through online retailers such as Amazon.com and brick and mortar stores located in the United States.

9.      Ever Victory is the owner by assignment of all right, title and interest in U.S. Patent No. 9,731,212 ("the '212 Patent"). A true and correct copy of the '212 Patent is attached as Exhibit A. The '212 Patent was and is valid and subsisting at all times relevant to this action and is entitled to a presumption of validity under 35 U.S.C. § 282.

10.     SAS offers for sale, and/or sells in the United States a product called "ZOOM TUBES CAR TRACKS" ("ZOOM TUBES"). SAS offers this product through online, through retailers such as Amazon.com, brick and mortar stores such as Walmart, and through its own website: https://buyzoomtubes.com.

11.     Independent claim 4 of the '212 Patent provides:

A toy track system for a toy car to move therein and along, comprising:

a plurality of tube sections including at least first and second tube sections which are connectable endwise together to form part of the toy track system;

and a connection module comprising: coupling means having first and second coupling parts which are provided on the first and second tube sections respectively and are inter-engageable with each other to prevent axial separation between the first and second tube sections;

and interlocking means having first and second interlocking parts which are provided on the first and second tube sections respectively and are inter-engageable with each other to fix the

3

first and second tube sections in one predetermined angular position relative to each other selected from at least two predetermined angular positions,

wherein the connection module includes first and second sleeves on which any of the first and second coupling parts are supported respectively,

and wherein the connection module includes a third sleeve on which there is provided corresponding first and second coupling parts for inter-engaging the first and second coupling parts on the first and second sleeve.

12.     Independent claim 10 of the '212 Patent provides:

A toy vehicle for moving in and along a toy track system having a longitudinal central plane including a longitudinal central axis, comprising:

a vehicle body having opposite first and second end portions and opposite first and second sides;

a driving wheel provided at the first end portion on the first side of the vehicle body for frictional engagement with an inner surface of said track system to move the vehicle body;

an electric motor provided in the vehicle body for rotating the driving wheel;

gears provided in the vehicle body for transmitting drive from the electric motor to the driving wheel for rotating the driving wheel;

a presser mounted at the first end portion on the second side of the vehicle body and resiliently biased in a direction directly opposite and away from the driving wheel for bearing against said inner surface to maintain said frictional engagement of the driving wheel;

at least two principal guiding members provided on the first end portion of the vehicle body, the principal guiding members being angular displaced from the driving wheel and the

4

presser for maintaining the driving wheel substantially in a said central plane when the toy vehicle moves along the toy track system;

and at least three auxiliary guiding members provided on the second end portion of the vehicle body and angularly displaced from the principal guiding members for maintaining the driving wheel substantially in a said central plane when the toy vehicle moves along the toy track system.

13. Independent claim 20 of the '212 Patent provides:

A toy track system for a toy car to move therein and along, comprising:

a plurality of tube sections including at least first and second tube sections which are connectable endwise together to form part of the toy track system;

and a connection module comprising: coupling means having first and second coupling parts which are provided on the first and second tube sections respectively and are inter-engageable with each other to prevent axial separation between the first and second tube sections;

and interlocking means having first and second interlocking parts which are provided on the first and second tube sections respectively and are inter-engageable with each other to fix the first and second tube sections in one predetermined angular position relative to each other selected from at least two predetermined angular positions

and a toy vehicle for moving in and along the toy track system having a longitudinal central plane including a longitudinal central axis, the toy vehicle comprising: a vehicle body having opposite first and second end portions and opposite first and second sides;

a driving wheel provided at the first end portion on the first side of the vehicle body for frictional engagement with an inner surface of said track system to move the vehicle body;

5

an electric motor provided in the vehicle body for rotating the driving wheel;

gears provided in the vehicle body for transmitting drive from the electric motor to the driving wheel for rotating the driving wheel;

a presser mounted at the first end portion on the second side of the vehicle body and resiliently biased in a direction directly opposite and away from the driving wheel for bearing against said inner surface to maintain said frictional engagement of the driving wheel;

at least two principal guiding members provided on the first end portion of the vehicle body, the principal guiding members being angular displaced from the driving wheel and the presser for maintaining the driving wheel substantially in a said central plane when the toy vehicle moves along the toy track system;

and at least three auxiliary guiding members provided on the second end portion of the vehicle body and angularly displaced from the principal guiding members for maintaining the driving wheel substantially in a said central plane when the toy vehicle moves along the toy track system.

14. As shown in the claim charts below, SAS's ZOOM TUBES product includes all of the elements of at least independent claims 4, 10 and 20 of the '212 Patent.

| CLAIM 4 ELEMENT | ZOOM TUBES PRODUCT |
|---|---|
| A toy track system for a toy car to move therein and along, comprising: | |

6

17856858.3

| CLAIM 4 ELEMENT | ZOOM TUBES PRODUCT |
|---|---|
| a plurality of tube sections including at least first and second tube sections which are connectable endwise together to form part of the toy track system; |  |
| and a connection module comprising: coupling means having first and second coupling parts which are provided on the first and second tube sections respectively and are inter-engageable with each other to prevent axial separation between the first and second tube sections; |  |

| CLAIM 4 ELEMENT | ZOOM TUBES PRODUCT |
|---|---|
| and interlocking means having first and second interlocking parts which are provided on the first and second tube sections respectively and are inter-engageable with each other to fix the first and second tube sections in one predetermined angular position relative to each other selected from at least two predetermined angular positions, |  |
| wherein the connection module includes first and second sleeves on which any of the first and second coupling parts are supported respectively, |   Each tube section includes a sleeve at each end. |

8

17856858.3

| CLAIM 4 ELEMENT | ZOOM TUBES PRODUCT |
|---|---|
| and wherein the connection module includes a third sleeve on which there is provided corresponding first and second coupling parts for inter-engaging the first and second coupling parts on the first and second sleeve. |  |

| CLAIM 10 ELEMENT | ZOOM TUBES PRODUCT |
|---|---|
| A toy vehicle for moving in and along a toy track system having a longitudinal central plane including a longitudinal central axis, comprising |  |

17856858.3

| CLAIM 10 ELEMENT | ZOOM TUBES PRODUCT |
|---|---|
| a vehicle body having opposite first and second end portions and opposite first and second sides | |
| a driving wheel provided at the first end portion on the first side of the vehicle body for frictional engagement with an inner surface of said track system to move the vehicle body; | |
| an electric motor provided in the vehicle body for rotating the driving wheel; | The vehicle body includes a motor to rotate the driving wheel. |
| gears provided in the vehicle body for transmitting drive from the electric motor to the driving wheel for rotating the driving wheel; | Gears in the vehicle body drive the driving wheel. |
| a presser mounted at the first end portion on the second side of the vehicle body and resiliently biased in a direction directly opposite and away from the driving wheel for bearing against said inner surface to maintain | |

17856858.3

| CLAIM 10 ELEMENT | ZOOM TUBES PRODUCT |
|---|---|
| said frictional engagement of the driving wheel; | |
| at least two principal guiding members provided on the first end portion of the vehicle body, the principal guiding members being angular displaced from the driving wheel and the presser for maintaining the driving wheel substantially in a said central plane when the toy vehicle moves along the toy track system | Each side of the vehicle body includes a principal guiding member for a total of two. |
| and at least three auxiliary guiding members provided on the second end portion of the vehicle body and angularly displaced from the principal guiding members for maintaining the driving wheel substantially in a said central plane when the toy vehicle moves along the toy track system. | |

15. Claim 20 includes elements combined from both claims 4 and 10. As shown above with respect to claims 4 and 10, the ZOOM TUBES product includes all the elements of claim 20.

11

## COUNT I
## <u>INFRINGEMENT OF U.S. PATENT NO. 9,731,212</u>

16. Plaintiff incorporates by reference Paragraphs 1-15 above as if restated herein in their entirety.

17. SAS has infringed and continues to infringe one or more of the claims of the '212 Patent, including, but not limited to claims 4, 10, and 20, and within the meaning of 35 U.S.C. § 271(a) and either literally or under the doctrine of equivalents, by making, using, importing, selling, and offering to sell the ZOOM TUBES product without authorization or license from Ever Victory.

18. SAS had actual knowledge of the '212 Patent at all times relevant to this action as it has previously sought to enter into a license either directly or indirectly with Ever Victory with respect to the '212 Patent, and at least as a result of the commencement of this action and service of this Complaint.

19. SAS's infringement of the '212 Patent has been and continues to be willful. Therefore, Ever Victory is entitled to treble damages under 35 U.S.C. § 284 as this is an exceptional case under 35 U.S.C. § 285.

20. SAS has gained profits by virtue of its infringement of the '212 Patent.

21. As a direct and proximate result of SAS's infringement of the '212 Patent, Ever Victory has suffered irreparable harm and monetary and other damages in an as-yet-undetermined amount.

22. Furthermore, unless SAS is enjoined by this Court from continuing its infringement of the '212 Patent, Ever Victory will continue to suffer additional irreparable damages and impairment of the value of its patent rights.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Ever Victory respectfully seeks the following relief against Defendant SAS:

A. Judgment that Defendant is liable to Ever Victory for infringement of U.S. Patent No. 9,731,212.

B. Damages in an amount to be proven at trial, but in no event less than a reasonable royalty, in accordance with 35 U.S.C. § 284.

C. Judgment that Defendant's patent infringement has been willful.

D. Treble damages as a result of the willful nature of Defendant's patent infringement.

E. Plaintiff's attorney's fees as a result of the exceptional nature of this case.

F. A preliminary, mandatory, and permanent injunction enjoining, restraining and ordering SAS, and its officers, agents, servants, attorneys, and other persons who are in active concert or participation with it:

   1. To cease making, using, selling, or offering for sale any product which infringes the claims of the '212 Patent.

   2. To deliver and destroy all inventory, literature, advertisements, and other materials displaying any product which infringes the claims of the '212 Patent.

G. Pre-judgment and post-judgment interest, including costs incurred in this case.

H. Any and all other relief as this Court may deem just and proper.

## **JURY DEMAND**

Ever Victory demands a trial by jury as to all issues so triable.

DATED: January 17, 2019        Respectfully Submitted,

**BARCLAY DAMON LLP**

By:       s/ John D. Cook
         John D. Cook (JC 2885)

Office and Post Office Address
Barclay Damon Tower
125 East Jefferson Street
Syracuse, New York 13202
Telephone: (315) 425-2700
Facsimile: (315) 425-2701
Email: jcook@barclaydamon.com

    -and-

Edward L. Bishop (*pro hac vice* motion to be filed)
Nicholas S. Lee (*pro hac vice* motion to be filed)
**BISHOP DIEHL & LEE, LTD.**
1475 E. Woodfield Rd, Suite 800
Schaumburg, IL 60173
Telephone: (847) 969-9123
Facsimile: (847) 969-9124
Email: ebishop@bdl-iplaw.com
           nlee@bdl-iplaw.com

*Attorneys for Plaintiff*

14

17856858.3